United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TERRY ALEXANDER,

    Plaintiff,

v.

J. DUNLAP,

    Defendant.

No. C 14-04429 RS (PR)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a pro se state prisoner. Plaintiff alleges that defendant, J. Dunlap, a physician and Chief of Medical Services at Salinas Valley State Prison, violated his Eighth Amendment rights by refusing plaintiff's requests for a transfer and physical therapy. Defendant moves for summary judgment.[1] ("MSJ"; Docket No. 41.) For the reasons stated herein, defendant's motion for summary judgment is GRANTED in favor of defendant as to all claims.

---

[1] Defendant provided plaintiff with the required warnings under *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (Docket No. 44).

## BACKGROUND

The following factual allegations are undisputed, unless specifically noted otherwise. Plaintiff is a paraplegic who arrived at Salinas Valley State Prison in May 2013. In 2014, he applied to his jailors for compassionate release. In consequence, in May, plaintiff was admitted to Salinas Valley's Correctional Treatment Center ("CTC") for a week for evaluation of his application. The next day plaintiff was examined by physical therapist C. Nordstrom, who reported that plaintiff "will benefit from transfer to medical facility" but "will not benefit from [physical therapy] services." (MSJ, Dunlap Decl., Ex. C at 10; Compl. at 3.) Nordstrom even recommended that Salinas Valley should discontinue physical therapy because it gave no benefit to plaintiff. (MSJ, Dunlap Decl., Ex. C at 11, 12.)

In the days following Nordstrom's exam, plaintiff was observed in the CTC performing all the activities of daily living including showering, shaving, and dressing. (MSJ, Dunlap Decl. ¶ 5, Ex. A at 2, 6, 10, 14–17, 19–23.) In June, despite Nordstrom's opinion that plaintiff would not benefit from physical therapy, staff physician Dr. Birdsong requested additional on-site physical therapy. (*Id.* at 8, 12.)

Finding his treatment insufficient, plaintiff filed grievances through which he requested 24-hour care and more physical therapy, or a transfer to a medical facility where he could obtain physical therapy. (*Id.*, Dunlap Decl., Ex. C. at 3.) Although he did not specify in his grievance whether he was receiving physical therapy at Salinas Valley, plaintiff claimed that "the physical therap[y] I need is in a medical facility." (*Id.*)

His grievances came before defendant Dunlap for second-level review. Dunlap denied the request for 24-hour care and physical therapy. Constant care was unnecessary because plaintiff was able to perform daily living activities, as was observed during his week in the CTC. He denied the request for physical therapy because Birdsong already had ordered such treatment, and, as Nordstrom had noted, plaintiff would not benefit from such therapy. Defendant's only contact with plaintiff was through the grievance procedure. He never met or treated plaintiff. (*Id.*, Ex. C at 9-10; Ex. D at 9-10.) Plaintiff appealed

defendant's denials. Other reviewers denied the grievances at the last stage of review.

In his suit, plaintiff claims Dunlap was deliberately indifferent by failing to grant his request for a transfer to a facility that could provide better physical therapy, which includes, according to plaintiff, the use of a whirlpool bath.

## DISCUSSION

### I.  Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

The Court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id*. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

## II. Claims

Plaintiff alleges that defendant's denial of his grievances constituted deliberate indifference to his serious medical needs. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U. S. 825, 837 (1994) (equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). To establish his claim, plaintiff must show that his doctors or nurses embarked on a course of "medically unacceptable" treatment in "conscious disregard of an excessive risk to [his] health." *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004). A claim of mere negligence related to medical problems, or a difference of opinion between a prisoner patient and a medical doctor, is not enough to make out a violation of the Eighth Amendment. *Id.*; *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Defendant is entitled to summary judgment as a matter of law. The undisputed record shows defendant was not deliberately indifferent to plaintiff's medical needs. More specifically, plaintiff did not require 24-hour care or a transfer and therefore defendant's denial of his grievances did not violate the Eighth Amendment. Constant care was not required because, as the undisputed record shows, plaintiff was able to care for himself. A transfer in order to receive physical therapy was not required. Plaintiff's belief that he required such therapy was based on his misunderstanding of Nordstrom's recommendation, which explicitly excluded physical therapy because it would not benefit plaintiff's medical condition.

Furthermore, plaintiff's preferences for medical care (a transfer or access to a whirlpool bath) do not create a genuine dispute of material fact. A disagreement between the patient and a physician over treatment options does not give rise to a section 1983 claim unless plaintiff can show that the physician's treatment was "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Toguchi,* 391 F.3d at 1058. There is nothing in the record showing that the prison's medical treatment and decisions were medically unacceptable.

In sum, viewing all evidence in the light most favorable to the plaintiff, he has not met his burden to show evidence that there is a genuine dispute of material fact.[2] Defendant has presented evidence that the prison observed the plaintiff to determine the extent of his physical needs and took appropriate action following a determination of the those needs. Defendant's decisions amount to reasoned determinations, not deliberate indifference.

## CONCLUSION

Because plaintiff fails to show a genuine dispute of material fact, defendant's motion for summary judgment (Docket No. 41) is GRANTED. Plaintiff's motion for a trial (Docket No. 45) is DENIED as moot.

His motion to appoint counsel (Docket No. 47) is DENIED. The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved

---

[2] In fact, he has not presented any evidence in response to defendant's motion. His opposition was not signed under penalty of perjury.

United States District Court
For the Northern District of California

as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

Plaintiff fails to show exceptional circumstances exist. First, the case does not present legally or factually complex issues. Second, plaintiff ably prosecuted this action without the assistance of counsel. The Clerk shall enter judgment in favor of Dunlap as to all claims, terminate Docket Nos. 41, 45, and 47, and close the file.

**IT IS SO ORDERED**.

DATED: July 20, 2016

_____
RICHARD SEEBORG
United States District Judge